MICHAEL LEE MCLAUGHLIN, PRO PER
_____
Name
ACOMS # 166227
_____
Prison Number
C/O WILDWOOD PRETRIAL FACILITY
_____
Place of confinement
5 CHUGACH AVE, BLDG #5
_____
Mailing address
KENAI, ALASKA          99611-7098
_____
City, State, Zip

_____
Telephone

RECEIVED

MAR 08 2016

Clerk, U.S. District Court
Anchorage, A.K.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

MICHAEL L McLAUGHLIN
_____,
(Enter full name of plaintiff in this action)

                    Plaintiff,

vs.

AMANDA BROWNING, CHARLES LEE
_____,
TREVOR MILLER, GUS SANDAHL and
_____,
SCOT HENRY LEADERS
_____,
(Enter full names of defendant(s) in this action.)
Do NOT use *et al.*)

                    Defendant(s).

Case No. 3 16-CV-061-RRB
        _____
        (To be supplied by Court)

**PRISONER'S
COMPLAINT UNDER
THE CIVIL RIGHTS ACT
42 U.S.C. § 1983**

## A. Jurisdiction

Jurisdiction is invoked under 28 U.S.C. § 1343(a)(3).

## B. Parties

1. Plaintiff: This complaint alleges that the civil rights of MICHAEL L McLAUGHLIN,
                                                              (print your name)

who presently resides at THE WILDWOOD PRETRIAL FACILITY 5 CHUGACH AVE, KENAI ALASKA,
                          (mailing address or place of confinement)

were violated by the actions of the individual(s) named below.

2. <u>Defendants</u> (Make a copy of this page and provide same information if you are naming more than 3 defendants):

Defendant No. 1, <u>AMANDA BROWNING (ABA# 120 5015)</u> is a citizen of
(name)
<u>ALASKA</u>, and is employed as a <u>AN ASSISTANT KENAI DISTRICT ATTORNEY</u>.
(state)                                    (defendant's government position/title)

(X) This defendant **personally participated** in causing my injury, and I want **money damages**.
**OR**

____The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone do something).

Defendant No. 2, <u>OFC. CHARLES LEE</u> is a citizen of
(name)
<u>ALASKA</u>, and is employed as a <u>KENAI POLICE OFFICER (KPD)</u>.
(state)                                    (defendant's government position/title)

(X) This defendant **personally participated** in causing my injury, and I want **money damages**.
**OR**

____The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone do something).

Defendant No. 3, <u>OFC TREVOR MILLER</u> is a citizen of
(name)
<u>ALASKA</u>, and is employed as a <u>KENAI POLICE OFFICER (KPD)</u>.
(state)                                    (defendant's government position/title)

(X) This defendant **personally participated** in causing my injury, and I want **money damages**.
**OR**

____The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone do something).

***REMINDER***
**You must exhaust your administrative remedies before your claim can go forward.**
**THE COURT MAY DISMISS ANY UNEXHAUSTED CLAIMS.**

Prisoner § 1983 - 2
PS01, Nov. 2013

2. <u>Defendants</u> (Make a copy of this page and provide same information if you are naming more than 3 defendants):

Defendant No. 1, __CHIEF OF POLICE GUS SANDAHL__ is a citizen of
__ALASKA__, and is employed as a __CHIEF OF POLICE / CITY OF KENAI__.
　　(state)　　　　　　　　　　　　　　　　　(defendant's government position/title)

[X] This defendant **personally participated** in causing my injury, and I want **money damages**.
**OR**
[X] The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone do something).

Defendant No. 2, __SCOT HENRY LEADERS (ABA # 9711067__ is a citizen of
　　　　　　　　　　　　　　　　　　(name)
__ALASKA__, and is employed as a __DISTRICT ATTORNEY / STATE OF ALASKA__.
　　(state)　　　　　　　　　　　　　　　　　(defendant's government position/title)

[X] This defendant **personally participated** in causing my injury, and I want **money damages**.
**OR**
[X] The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone do something).

Defendant No. 3,_____ is a citizen of
　　　　　　　　　　　　　　　(name)
_____, and is employed as a_____.
　　(state)　　　　　　　　　　　　　　　　　(defendant's government position/title)

_____This defendant **personally participated** in causing my injury, and I want **money damages**.
**OR**
_____The **policy or custom** of this official's government agency violates my rights, and I seek **injunctive relief** (to stop or require someone do something).

***REMINDER***
**You must exhaust your administrative remedies before your claim can go forward.**
**THE COURT MAY DISMISS ANY UNEXHAUSTED CLAIMS.**

**C. Causes of Action** (You may attach additional pages alleging other causes of action and facts supporting them if necessary. Make copies of page 5 and rename them pages 5A, 5B, etc. and rename the claims, "Claim 4," "Claim 5, etc.").

2(a)

Prisoner § 1983 -
PS01, Nov. 2013

Claim 1: On or about <u>MAY 15, 2015 THROUGH SEPTEMBER 4, 2015</u>, my civil right to EQUAL PROTECTION OF LAW, DUE PROCESS OF LAW, COURT ACCESS, RIGHTS TO PURSUE A CHOSEN OCCUPATION OR PROFESSION AND TO BE FREE FROM UNREASONABLE SEARCH & SEIZURE

(Medical care, access to the courts, due process, freedom of religion, free speech, freedom of association, freedom from cruel and unusual punishment, etc. List **only one** violation.)

WERE violated by <u>ALL NAMED DEFENDANTS IN THE FURTHERANCE OF A CONSPIRACY TO VIOLATE PLAINTIFF'S CIVIL RIGHTS.</u> (Name of the specific Defendant who violated this right)

Supporting Facts (Briefly describe facts you consider important to Claim 1. State what happened briefly and clearly, in your own words. Do not cite legal authority or argument. Describe exactly what each defendant, by name, did to violate the right alleged in Claim 1.):

CAUSE OF ACTION No. I — FALSE ARREST AND MALICIOUS PROSECUTION

(1) PLAINTIFF WAS ARRESTED ON OR ABOUT MAY 15, 2015 AT OR NEAR KENAI ALASKA BY KENAI POLICE OFFICER CHARLES LEE. (EXHIBITS A)

(2) PLAINTIFF WAS ARRESTED WITHOUT A WARRANT IN VIOLATION OF AS 11.25.030.

(3) PLAINTIFF WAS SUBJECTED TO A SEARCH AS A RESULT OF THE UNLAWFUL ARREST,

(4) THAT DURING THE COURSE OF THIS SEARCH OF HIS PERSONAL EFFECTS (HIS WALLET) DEFENDANT LEE OBSERVED WHAT HE CHARACTERIZED AS A "...COUNTERFEIT $100 BILL..." (EXHIBIT A-3)

(5) THAT THE PLAINTIFF WAS INITIALLY ARRESTED FOR THE MISDEMEANOR CRIME OF VIOLATING HIS CONDITIONS OF RELEASE ON BAIL RELATING TO ANOTHER CASE, STATE v McLAUGHLIN, 3KN-15-630 CR. (EXHIBIT A-2)

(6) THAT WHILE DEFENDANT LEE FELT OBLIGED TO MAKE THE WARRANTLESS MISDEMEANOR ARREST OF THE PLAINTIFF, HE DID NOT ACT ON HIS OBLIGATION TO COLLECT AND PRESERVE THE EVIDENCE PERTAINING TO THAT CHARGE,

(7) THAT THE MERE POSSESSION OF AN ITEM SUCH AS WAS FOUND TO BE IN THE POSSESSION OF THE PLAINTIFF THAT DAY WHICH, "...PURPORTS TO BE MONEY..." IS, STANDING ALONE, NOT EVEN A CRIME UNDER ALASKA LAW, AS 11.46.500-580.

(8) THAT THE CRIME OF FORGERY IN THE FIRST DEGREE IS A CRIME OF SPECIFIC INTENT UNDER ALASKA LAW, AS 11.46.500(a)(1), A.S 11.46.510. (EXHIBIT I B-9)

(9) THAT IN ORDER TO COMMIT THE CRIME OF FORGERY IN THE FIRST DEGREE AS WAS ALLEGED THE PLAINTIFF WOULD HAVE HAD TO, IN ADDITION TO POSSESSING THE ARTICLE IN QUESTION, HAVE ENGAGED IN CONDUCT MANIFESTING AN "INTENT TO DEFRAUD" A PERSON OR ENTITY BY USING THIS "...COUNTERFEIT $100 BILL..."

(10) THAT THE FACTS UPON WHICH MCLAUGHLIN WERE ARRESTED FAIL TO ESTABLISH PROBABLE CAUSE AS TO THE FORGERY CHARGE AS A MATTER OF LAW (EXHIBIT(s) A-3, C, E, F AND I-5, I 9-12)

(11) THAT BECAUSE FORGERY IN THE FIRST DEGREE IS A FELONY CHARGE, AND BECAUSE THE PLAINTIFF HAD BEEN RELEASED ON BAIL PRIOR TO HIS ARREST, HE WAS AUTOMATICALLY SUBJECTED TO AN ADDITIONAL DEGREE OF CONFINEMENT (NO BAIL STATUS) BY AUTHORITY OF A.S 12.30.011(d)(2).

(12) THAT UPON HIS ARRIVAL AT WILDWOOD PRETRIAL FACILITY (WPTF) DEFENDANT LEE ATTEMPTED TO QUESTION THE PLAINTIFF WITHOUT THE BENEFIT OF MIRANDA WARNINGS OR THE RECORDATION REQUIRED BY ALASKA LAW GOVERNING CUSTODIAL INTERROGATIONS. (EXHIBIT A-3)

13) THAT THE PLAINTIFF REFUSED TO BE INTERVIEWED PROMPTING LAW ENFORCEMENT OFFICES TO SEEK A WARRANT TO SEIZE THE ITEM CHARACTERIZED AS A "COUNTERFEIT $100 BILL" FROM THE PLAINTIFF'S PROPERTY BEING HELD BY THE JAIL, AND TO "...CHARGE YOU ANYWAY..." (EXHIBIT I 4-6)

14) THAT YOUR PLAINTIFF HAS BEEN ATTEMPTING FOR OVER A MONTH TO OBTAIN THE SEARCH WARRANT RECORDS FROM THE COURT CLERK'S OFFICE IN ANCHORAGE, RE; SEARCH WARRANT APPLICATION 3AN-15-1123SW.

15) THAT UPON INFORMATION AND BELIEF, AFTER DISCUSSING THIS MATTER WITH DEFENDANT(s) BROWNING AND/OR LEADERS, IT WAS KENAI POLICE OFFICER TREVOR MILLER WHO APPLIED FOR THE WARRANT WHICH SOUGHT AUTHORIZATION TO SEIZE THE PURPORTED "COUNTERFEIT $100 BILL".

16) THAT UPON INFORMATION AND BELIEF, DEFENDANT MILLER USED FACTUAL MISREPRESENTATION TO MAKE UP FOR THE LACK OF PROBABLE CAUSE WHEN SEEKING THE WARRANT EVENTUALLY ISSUED IN 3AN-15-1123SW.

17) THAT ALMOST IMMEDIATELY AFTER HIS FIRST APPEARANCE BEFORE THE KENAI COURTS, AND BASED UPON THE MEAGER STATEMENT OF PROBABLE CAUSE, THE PLAINTIFF DRAFTED A NOTICE OF EXCULPATORY EVIDENCE WHICH INCLUDED A DEMAND TO TESTIFY BEFORE THE GRAND JURY AS IS HIS COMMON LAW RIGHT UNDER ALASKA LAW. (EXHIBIT C)

18) THAT THIS EXCULPATORY EVIDENCE CONSISTED OF AN IRON CLAD ALIBI IN THAT MCLAUGHLIN HAD BEEN IN CUSTODY DURING THE PERIOD WHEN OTHER ACTS OF FRAUDULENT CONDUCT (FORGERY) WERE COMMITTED. (EXHIBIT D)

Prisoner § 1983 - 3
PS01, Nov. 2013

- 3(a) -

(19) THAT DURING THIS PERIOD, AND DURING OTHER TIMES IN HIS DEALINGS WITH THE KENAI DISTRICT ATTORNEY OFFICE GENERALLY AND DEFENDANT BROWNING IN PARTICULAR, THE PLAINTIFF HAS BY-PASSED ASSIGNED COUNSEL AND BROUGHT HIS REQUESTS OR GRIEVANCES DIRECTLY TO SUPERVISORY COUNSEL, DEFENDANT SCOT H. LEADERS WHO IS CURRENTLY THE DISTRICT ATTORNEY IN KENAI ALASKA.

(20) SINCE JANUARY 22, 2015 DEFENDANT BROWNING HAS BROUGHT FIVE RATHER SERIOUS SETS OF ALLEGATIONS AGAINST THE PLAINTIFF ALL OF WHICH HAVE BEEN DISMISSED BY THE STATE FOR A LACK OF EVIDENCE OR WANT OF PROBABLE CAUSE.

(21) THAT DEFENDANT LEADERS HAS, AS A MATTER OF PROFESSIONAL ETHICS ASSOCIATED WITH HIS STATUS AS SUPERVISORY COUNSEL AND HIS LICENSE TO PRACTICE LAW, AND EXPRESS DUTY TO SUPERVISE AND REGULATE THE CONDUCT OF SUBORDINATE ATTORNEYS (OF WHICH DEFENDANT BROWNING IS ONE) WHICH IS WHOLLY INDEPENDENT OF HIS DUTY AS A PROSECUTOR FOR THE STATE OF ALASKA; SEE AK RULES OF PROFESSIONAL CONDUCT 5.1(b) AND 5.1(c).

(22) THAT DURING THE PERIOD WHILE 3KN-15-688 CR WAS PENDING YOUR PLAINTIFF MADE AT LEAST TWO WRITTEN DEMANDS TO DISCOVER THE POLICE REPORTS CONCERNING THE OTHER INSTANCES OF FRAUD/FORGERY WHICH WERE DEPICTED IN DEFENDANT LEE'S PROBABLE CAUSE STATEMENT WHICH WAS FILED WITH THE KENAI DISTRICT COURT ON MAY 15, 2015. (EXHIBIT A-3)(EXHIBIT(S) H) (EXHIBITS I 17-23)

(23) THAT ON MAY 26, 2015 THE PLAINTIFF APPEARED BEFORE THE KENAI DISTRICT COURT AND OBTAINED A RULE 5.1 DISMISSAL OF THE FORGERY CHARGE BECAUSE DEFENDANT(S) LEADERS OR BROWNING FAILED TO APPEAR TO MAKE A SHOWING OF PROBABLE CAUSE TO SUPPORT THE CHARGE. (EXHIBIT E)

(24) THAT UPON INFORMATION AND BELIEF, THE PROCEDURAL DEFAULT WAS DIRECTED AT CIRCUMVENTING THE PLAINTIFF'S DEMAND TO TESTIFY BEFORE THE GRAND JURY THEREBY CONCEALING FROM THE COURTS THE FACT THAT THE GOVERNMENT LACKED PROBABLE CAUSE. (EXHIBIT(S) I 17-23)

25) THAT DEFENDANT BROWNING INSTEAD TOOK THE CASE BEFORE THE GRAND JURY ON MAY 29, 2015 AND OBTAINED AN INDICTMENT WHICH; (1) FAILED TO STATE ALL THE ELEMENTS OF THE OFFENSE CHARGED (EXHIBIT F), AND (2) WAS PREDICATED, NOT ON PROBABLE CAUSE, BUT UPON DECEPTION AND LIES USED TO CONCEAL THE LACK OF PROBABLE CAUSE. (EXHIBIT I 8-16)

Prisoner § 1983 - 3
PS01, Nov. 2013

(26) THE PLAINTIFF WAS ARRAIGNED BEFORE KENAI SUPERIOR COURT JUDGE CARL BAUMAN ON THE INDICTED CHARGE OF FORGERY IN THE FIRST DEGREE ON OR ABOUT JUNE 2, 2015 ONLY TO DISCOVER THAT DEFENDANT(s) BROWNING AND LEE HAD BROADEND THE ALLEGATIONS TO INCLUDE CONDUCT OCCURRING IN OTHER AREAS OF THE COUNTRY IN AN EFFORT TO COMPENSATE FOR THEIR LACK OF PROBABLE CAUSE. (EXHIBIT I-5, 18-19)

(27) THAT THE PLAINTIFF POSTED BAIL ON JUNE 11, 2015 AND IMMEDIATELY SECURED EMPLOYMENT TO FUND THE WORK ON HIS NEW HOME AND OFFICE IN SOLDOTNA ALASKA

(28) THAT THE PLAINTIFF IS A SOLE PROPRIETOR BUSINESS OWNER OF A SMALL PARALEGAL FIRM (PROFESSIONAL PARALEGALS) WHICH SPECIALIZES IN CRIMINAL DEFENSE AND PRISONER RIGHTS ISSUES.

(29) THAT UPON INFORMATION AND BELIEF, MUCH OF THE CRIMINAL LITIGATION DIRECTED AT MCLAUGHLIN IN 2014 AND 2015 WAS DIRECTED NOT AT ANY ACTUAL CRIMINAL ACTIVITY, BUT WAS INSTITUTED IN A CONTINUED ATTEMPT TO PREVENT MCLAUGHLIN FROM PURSUING THIS LEGITIMATE OCCUPATIONAL ENDEAVOR.

(30) THAT THE PLAINTIFF'S FIRST HOME AND OFFICE WAS ILLEGALLY TAKEN FROM HIS POSSESSION WHEN ANOTHER STATE AGENCY, THE OFFICE OF ELDER FRAUD AND ASSISTANCE, CONSPIRED WITH SEVERAL LOCAL LAW ENFORCEMENT AND ORGANIZED CRIME FIGURES TO USE THE STATES POLICE POWERS FOR THIS UNLAWFUL PURPOSE. RE: McLAUGHLIN v ARNOLD, ET AL., 3KN-15-890 CI.

(32) THAT IN THE LAST TEN YEARS OF PRACTICING AS A PARAPROFESSIONAL THE PLAINTIFF HAS HIMSELF, OR ASSISTED OTHERS TO, REMOVE THREE ALASKA PROSECUTORS (JUNE STEIN, JEAN SEATON, & RACHEL GERNAT) FROM OFFICE, FOR ACTS OF CORRUPTION AND VIOLATIONS OF CONSTITUTIONAL LAW.

(33) UPON INFORMATION AND BELIEF, THE KENAI DISTRICT ATTORNEY, HIS OFFICE MINIONS, AND LOCAL LAW ENFORCEMENT HAVE UNOFFICIALLY DECLARED WAR ON THE PLAINTIFF AND HIS BUSINESS PROFESSIONAL PARALEGALS.

(34) THAT IN AN ATTEMPT TO CIRCUMVENT PLAINTIFF'S FIFTH AMENDMENT RIGHTS OF PRIVILEGE AND ESTABLISH A "FAUX PROBABLE CAUSE" IN THE FORGERY CASE, DEFENDANT(s) LEADERS AND BROWNING SUBPOENAED McLAUGHLIN TO APPEAR BEFORE THE GRAND JURY CONCERNING AN INDICTMENT THEY ALREADY HAD. (EXHIBIT G)

Prisoner § 1983 - 3
PS01, Nov. 2013

-3(c)-

(35) THAT THIS SUBPOENA WAS ISSUED TWICE, ONCE ON JUNE 19, 2015, AND A SECOND TIME THE FOLLOWING WEEK WHERE DEFENDANT(S) LEADERS AND BROWNING, DESPERATE TO MAKE A CASE AGAINST McLAUGHLIN, WERE UNSUCCESSFUL IN SERVING THE PLAINTIFF THE FIRST TIME AROUND.

(36) THAT IT WAS ONLY THROUGH A FORTUITOUS CIRCUMSTANCE THAT McLAUGHLIN (ACTING AS A PRO SE AS USUAL) EVEN LEARNED OF THE SUBPOENA, BUT MADE THE APPROPRIATE INQUIRIES EVEN THOUGH HE HAD NO LEGAL OBLIGATION TO DO SO.

(37) THAT HAVING HEARD THE AUDIO RECORD FROM THE FIRST GRAND JURY PROCEEDING THE PLAINTIFF DECLINED THE POST-INDICTMENT INVITATION TO TESTIFY UPON LEARNING THAT DEFENDANT'S BROWNING AND LEE HAD CHANGED THE ORIGINAL ALLEGATIONS OF FACT TO INCLUDE ACTS ALLEGED TO HAVE OCCURRED IN THE LOWER 48 AS WELL. (EXHIBIT(S) I-5, 18-19)

(38) THAT HAVING LEARNED OF THESE CHANGES, THE PLAINTIFF HAD INSTEAD DEMANDED DISCOVERY UPON THE PREMISE THAT ANY WAIVER OF PRIVILEGE THAT HIS TESTIMONY WOULD ENTAIL WOULD BE KNOWING, VOLUNTARY, AND INTELLIGENTLY GIVEN. (EXHIBITS I 17-23)

(39) THAT UPON INFORMATION AND BELIEF, IT WAS DURING THIS SAME PERIOD (LATE JUNE 2015) THAT LOCAL LAW ENFORCEMENT, AND HENCE DEFENDANT(S) LEADERS AND BROWNING, LEARNED OF THE LOCATION OF McLAUGHLIN'S NEW HOME AND BUSINESS IN SOLDOTNA, ALASKA.

(40) THAT ON JULY 22, 2015 GOVERNMENT OFFICIALS, AT THE BEHEST OF DEFENDANT(S) LEADERS AND BROWNING, CONDUCTED A MULTI-AGENCY (AST, KPD, SPD, U.S MARSHAL SERVICE, ADULT PROBATION) WARRANTLESS RAID UPON THE PLAINTIFF'S HOME AND OFFICE.

(41) THAT UPON INFORMATION AND BELIEF, THIS ACT WAS MOTIVATED BY THE FACT THAT DEFENDANT(S) LEADERS AND BROWNING KNEW THAT THEY HAD NO PROBABLE CAUSE TO SUPPORT EITHER THE FORGERY CASE OR ANOTHER PROSECUTION (STATE v McLAUGHLIN 3KN-15-630 CR) AND WAS UNDER PRESSURE TO PREVENT McLAUGHLIN FROM RE-ESTABLISHING HIS BUSINESS.

(42) THAT UPON INFORMATION AND BELIEF, OFFICIALS WITH THE OFFICE OF ELDER FRAUD AND ASSISTANCE, WERE PRESSURING DEFENDANT(S) LEADERS AND BROWNING TO USE THE STATES POLICE POWERS OF ARREST AND/OR CONFINEMENT TO ACHIEVE THIS RESULT.

Prisoner § 1983 - 3
PS01, Nov. 2013

- 3(d) -

(43) THAT ON JULY 22, 2016 WHEN LAW ENFORCEMENT EVACUATED AN ENTIRE NEIGHBORHOOD, MOBILIZED THE STATE TROOPER ASSAULT VEHICLE KNOWN AS THE "BEAR-CAT", AND CALLED ABOUT 75-100 OFFICERS TO THE PLAINTIFF'S PRICE STREET HOME/BUSINESS LOCATION THE EFFORT PROVED FRUITLESS WHERE ABSOLUTELY NO EVIDENCE OF ANY CRIMINAL ACTIVITY WHATSOEVER WAS DISCOVERED AT THAT LOCATION.

(44) THAT OF THE ARRESTS MADE THAT DAY IN AN ATTEMPT TO JUSTIFY WHAT HAD TO BE A QUARTER MILLION DOLLAR EXPENDITURE, NOT ONE OF THOSE CRIMINAL CHARGES WAS EVER PROSECUTED TO FRUITATION.

(45) THAT AS TO THE PLAINTIFF SPECIFICALLY, HE WAS INITIAL CHARGED WITH VIOLATING HIS CONDITIONS OF RELEASE AND TRESPASSING IN HIS OWN HOME AFTER TROOPER'S TENNIS, WOODRUFF AND MCDONALD CONFERRED WITH NAMED DEFENDANT AMANDA BROWNING. RE: STATE v McLAUGHLIN, 3KN-15-1066 CR.

(46) THAT THE FOLLOWING DAY TROOPERS ADDED THE ADDITIONAL CHARGE OF HINDERING PROSECUTION SO AS TO ONCE AGAIN ALLOW THE GOVERNMENT TO PLEAD FOR A NO BAIL HOLD TO BE PLACED UPON THE PLAINTIFF.

(47) THAT UPON INFORMATION AND BELIEF, THIS ADDITIONAL FELONY CHARGE WAS ADDED AT THE BEHEST OF DEFENDANTS LEADERS AND/OR BROWNING WHOM HAD BECOME AWARE THAT THEY HAD INSTRUCTED TROOPERS TO ARREST THE PLAINTIFF FOR TRESPASSING AT HIS OWN HOME THE PREVIOUS DAY.

(48) THAT DURING THIS NEW PERIOD OF INCARCERATION THE PLAINTIFF FILED ADDITIONAL DEMANDS FOR DISCOVERY IN CASES 3KN-15-630 CR AND 3KN-15-688 CR, (EXHIBITS) H)

(49) THAT IT WAS DURING THIS SAME PERIOD OF INCARCERATION THAT THE PLAINTIFF, WITHOUT THE BENEFIT OF DISCOVERY BEING PROVIDED IN THE FORGERY CASE, DRAFTED A MOTION TO DISMISS THE INDICTMENT UPON SUFFICIENCY AND FACTUAL MISREPRESENTATION TO THE GRAND JURY GROUNDS. (EXHIBIT(s) H-2, I)

(50) THAT IT WAS DURING THIS SAME PERIOD OF INCARCERATION THAT, ON SEPTEMBER 4, 2015 DEFENDANT BROWNING FILED A DISMISSAL OF ALL CHARGES IN THE FORGERY CASE APPEARING AS STATE v McLAUGHLIN, 3KN-15-688 CR (EXHIBIT J)

Prisoner § 1983 - 3
PS01, Nov. 2013

- 3(e) -

(51) THAT UPON INFORMATION AND BELIEF, THE VIOLATION OF CONDITIONS OF RELEASE CHARGE WAS NOT PROSECUTABLE BECAUSE, IN HER HASTE TO BRING A FELONY CHARGE OF FORGERY AGAINST McLAUGHLIN, DEFENDANT BROWNING HAD FAILED TO INSTRUCT DEFENDANT LEE TO COLLECT ANY EVIDENCE THAT MAY EXIST BY WHICH THE CHARGE MAY BE PROVEN. (EXHIBIT J)

(52) THAT ON NOVEMBER 5, 2015 ALL CHARGES STEMMING FROM THE PRICE STREET RAID WERE DISMISSED AT THE REQUEST OF DEFENDANT BROWNING WHEN SUPERIOR COURT JUDGE CHARLES HUGUELET DEMANDED OF A FELLOW PROSECUTOR IN OPEN COURT WHY STATE PROSECUTORS HAD FAILED TO PRODUCE DISCOVERY AFTER HOLDING THE PLAINTIFF IN CUSTODY FOR ABOUT 75 DAYS. RE: STATE V McLAUGHLIN, 3KN-15-1066 Cr.

(53) THAT ON JANUARY 7, 2016 ALL CHARGES BROUGHT IN THE 3KN-15-630 Cr CASE WERE DISMISSED AT THE REQUEST OF DEFENDANT BROWNING WHEN THE STATE'S STAR WITNESS IN THAT CASE TURNED OUT TO BE THE GUILTY PARTY, A FACT KNOWN TO STATE PROSECUTORS ALL ALONG. (EXHIBIT K)

(54) THAT THE CORE ALLEGATION IN 3KN-15-630 Cr WAS THAT THE PLAINTIFF POSSESSED CONTROLLED SUBSTANCES FOUND IN A VEHICLE HE WAS NOT EVEN IN, CHARGES WHICH WERE FILED BY DEFENDANT BROWNING ON THE DAY THE STATE WAS BEING FORCED TO RELEASE McLAUGHLIN FROM SUPERVISION ON FELONY PROBATION.

(55) UPON INFORMATION AND BELIEF, DEFENDANT BROWNING CONFIDED TO THE PLAINTIFF'S PROBATION OFFICER THAT; (1) SHE DOUBTED SHE COULD GET A CONVICTION AGAINST McLAUGHLIN, (2) THAT IF SHE DID IT WOULD TAKE OVER A YEAR, AND (3) THAT SHE WOULD SEEK A FLAT SENTENCE IF SHE DID TO KEEP THE PROBATION OFFICE OUT OF HER ILLICIT SCHEMES.

(56) UPON INFORMATION AND BELIEF, THE PLAINTIFF'S FORMER PROBATION OFFICER WOULD NEVER EVEN CONSIDER COMPROMISING HIS PROFESSIONAL INTEGRITY TO ASSIST MS BROWNING WITH HER ILLICIT SCHEMES (EXHIBIT L)

(57) UPON INFORMATION AND BELIEF, ALL OF THIS ILLICIT USE OF THE STATES POLICE POWERS WAS DIRECTED AT PREVENTING THE PLAINTIFF FROM DOING TWO THINGS; (1) PURSUING SEVERAL CIVIL CASES HE WAS PURSUING AGAINST VARIOUS GOVERNMENT OFFICIALS WHO HAVE VIOLATED HIS RIGHTS IN THE PAST, AND (2) TO PREVENT HIM FROM STARTING AND MAINTAINING A PARALEGAL FIRM AND PRISONER'S RIGHTS GROUP IN THE KENAI/SOLDOTNA AREA.

(58) THAT ☐ ONE OF THESE CIVIL CASE(S), McLAUGHLIN v ALASKA BAR ASS'N, ET AL, FILE No. # S-15828 (TRIAL COURT CASE # 3AN-08-06998 CI) INVOLVED FORMER KENAI DISTRICT ATTORNEY JUNE STEIN'S ATTEMPTS TO CONSPIRE WITH LOCAL PRISON OFFICIAL TO RETALIATE (AND PUT A STOP TO) THE PLAINTIFF'S NUMEROUS FILING(S) OF ATTORNEY CONDUCT GRIEVANCE AGAINST HER WITH THE ALASKA BAR ASSOCIATION.

(59) THAT ANOTHER OF THESE CASE(S), McLAUGHLIN v MURPHY, ET. AL., 3:13-CV-00002-TMB INVOLVED THE PLAINTIFF'S ATTEMPTS TO SEEK FEDERAL HABEAS CORPUS RELIEF STEMMING FROM THE CRIMINAL LITIGATION IN WHICH FORMER KENAI DISTRICT ATTORNEY JUNE STEIN (AND HER SUCCESSOR JEAN SEATON) WERE INVOLVED.

(60) THAT BOTH OF THESE STATE PROSECUTORS WERE REMOVED FROM THE KENAI DISTRICT ATTORNEYS OFFICE (STEIN 2008/SEATON 2009) FOR THE ROLES THEY PLAYED IN THESE DISPUTES.

(61) THAT ANOTHER OF THESE CASES: ARNOLD v McLAUGHLIN, 3KN-13-936 CI (APPELLATE FILE No. # S-        ) CONCERNED LITIGATION INVOLVING THE GOVERNMENTS FIRST ASSAULT UPON McLAUGHLIN'S PROFESSIONAL AND LEGAL INTEREST.

(62) THAT THE "ARNOLD" LITIGATION STILL PROCEED BEFORE THE KENAI SUPERIOR COURT APPEARING AS McLAUGHLIN v ARNOLD, ET AL., 3KN 15-890 CI WHERE IT HAS BEEN TRANSFORMED FROM A PRIVATE PROPERTY SUIT INTO A CIVIL RIGHTS CASE BROUGHT UNDER 42 U.S.C § 1983 WHICH INVOLVES STATE ACTORS NOT PARTY TO THIS ACTION.

(63) THAT ALMOST ALL OF THIS LITIGATION (PROPERTY INTERESTS UNDER STATE LAW) HAS FALLEN PRAY TO PROCEDURAL DEFAULT UNDER THE RELENTLESS ONSLAUGHT OF STATE PROSECUTORIAL ABUSE WHICH HAS NO LEGITIMATE MORAL, LEGAL, OR SOCIAL VALUE, USCA XIV.

(64) THAT THE PLAINTIFF HAS A RIGHT UNDER PROVISIONS FOUND IN THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION TO HAVE FREE ACCESS TO, AND NOT BE RETALIATED AGAINST FOR, ACCESSING THE COURTS TO BRING HIS LAWFUL CLAIMS OR OTHERWISE PURSUE HIS LAWFUL INTERESTS: USCA I; CHRISTOPHER v HARBURY 536 U.S 403, 415; 122 SCT 2179 (2002): BLAIR v BETHEL SCHOOL DISTRICT 608 F3d 540, 543 (9TH CIR 2010) (ELEMENTS OF A RETALIATION CLAIM).

Prisoner § 1983 - 3
PS01, Nov. 2013

- 3(g) -

(65) THAT THE PLAINTIFF HAS A RIGHT TO ENGAGE IN AN OCCUPATION OR CHOOSEN PROFESSION WHICH IS PROTECTED BY THE XIV AMENDMENT TO THE UNITED STATES CONSTITUTION, BOARD OF REGENTS v ROTH 408 U.S 564, 572; 92 S.CT 2701 (1972) WEDGES & LEDGES OF CALIF, INC v CITY OF PHOENIX, 24 F.3d 56, 64 n.4 (9th Cir 1994) (COLLECTION OF CASES)

(66) THAT THE PLAINTIFF HAS A RIGHT OF FREE SPEECH AND EXPRESSION WHICH IS PROTECTED BY THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION, HUSTLER MAGAZINE v FALWELL, 485 U.S 46, 53-55; 108 S.CT 876 (1988) (THE FIRST AMENDMENT AFFORDS HEIGHTEN PROTECTION TO SPEECH IN THE AREA OF PUBLIC DEBATE ABOUT PUBLIC FIGURES).

(67) THAT THE PLAINTIFF HAS A RIGHT TO REMAIN AT LIBERTY ABSENT A CRIMINAL CONVICTION WHICH IS PROTECTED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, BAKER v McCOLLAN, 443 U.S 137, 144-45 (1985)

(68) THAT THE PLAINTIFF HAS A RIGHT TO BE FREE FROM ARREST WITHOUT PROBABLY CAUSE WHICH IS PROTECTED BY THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION, BORUNDA v RICHMOND, 885 F2d 1384, 1391 (9th Cir 1988)

(69) THAT THE DEFENDANT(S) UNLAWFUL CONDUCT WAS NEITHER PRIVILEGED NOR JUSTIFIED, AND WAS IN FACT DONE WITH MALICE AND HAS PROVEN TO BE CRIMINAL, CONSPIRATORIAL, AND INTENTIONALLY TORTIOUS IN NATURE.

(70) THAT UPON INFORMATION AND BELIEF, THE DEFENDANT(S) WERE AWARE OF, AND IN FACT INTENDED, THE LIKELIHOOD THAT THIS CONDUCT WOULD CAUSE SERIOUS HARM, FINANCIAL HARDSHIP, AND PERSONAL INJURY TO NOT ONLY THE PLAINTIFF BUT ALSO THOSE WITH WHOM HE WAS IN ASSOCIATION WITH AS WELL.

(71) THAT DESPITE THE FACT THAT THE DEFENDANT(S) WERE AWARE OF A LIKELIHOOD THAT THIS CONDUCT WOULD CAUSE SUCH HARMS TO BE VISITED UPON THE PLAINTIFF AND UPON THOSE WITH WHOM HE WAS IN ASSOCIATION WITH, AND IN FACT INTENDED SUCH A RESULT, THE DEFENDANT(S) CONTINUED IN THIS COURSE OF CONDUCT WITH A RECKLESS DISREGARD TO THE HARMS IT WOULD CAUSE McLAUGHLIN OR THOSE WITH WHOM HE WAS IN ASSOCIATION

Prisoner § 1983 - 3
PS01, Nov. 2013

- 3(h) -

(72) THAT THE DEFENDANT(S) UNLAWFUL CONDUCT ALSO RESULTED IN AN ADDITIONAL HARM TO BE VISITED UPON McLAUGHLIN, PERSONAL INJURY IN THE FORM OF EMOTIONAL DISTRESS FOR A PROTRACTED PERIOD, WHICH NOW GIVES RISE TO A CLAIM FOR NON-ECONOMIC DAMAGES UNDER THE PROVISIONS OF AS 09.17.020.

(73) THAT THE DEFENDANT(S) UNLAWFUL CONDUCT WAS OUTRAGEOUS AND INTENTIONALLY DONE WITH MALICE AND A RECKLESS DISREGARD FOR THE EFFECT THIS CONDUCT WOULD HAVE UPON McLAUGHLIN'S PERSONAL WELL BEING AND FINANCIAL INTERESTS, AND/OR THE INTERESTS OF OTHERS WITH WHOM HE WAS IN ASSOCIATION WITH WHICH NOW GIVES RISE TO A CLAIM FOR PUNITIVE DAMAGES IN ACCORDANCE WITH THE PROVISIONS OF A.S 09.17.020.

(73a) THAT AS A RESULT OF THE CONDUCT ALLEGED ABOVE THE PLAINTIFF ESTIMATES THAT HE HAS LOST AT LEAST $200,000°° IN REVENUE FROM LOST BUSINESS FROM HIS PARALEGAL FIRM ALONE.

(73b) THAT AS A RESULT OF THE CONDUCT ALLEGED ABOVE THE PLAINTIFF ESTIMATES THAT HE HAS LOST AN ADDITIONAL $500,000°° IN REVENUE OR VALUE OF BUSINESS OPPORTUNITY RELATED TO HIS ACTIVITIES AS A PRISONER RIGHTS ADVOCATE.

(73c) THAT YOUR PLAINTIFF RESERVES THE RIGHT TO AMEND THE ABOVE STATED ALLEGATIONS TO ADD FACT OR NAME ADDITIONAL DEFENDANTS AFTER DISCOVERY HAS COMMENCED AND ADDITIONAL, PREVIOUSLY CONCEALED FACTS, COME TO LIGHT

Prisoner § 1983 - 3
PS01, Nov. 2013

- 3(i) -

<u>Claim 2</u>: On or about FEBRUARY 2014 THROUGH THE PRESENT TIME, my civil right to EQUAL PROTECTION OF LAW, DUE PROCESS OF LAW, COURT ACCESS, RIGHTS TO PURSUE A CHOSEN OCCUPATION OR PROFESSION AND BE FREE FROM UNREASONABLE SEARCH AND SEIZURE

(Medical care, access to the courts, due process, freedom of religion, free speech, freedom of association, freedom from cruel and unusual punishment, etc. List **only one** violation.)

was violated by ALL NAMED DEFENDANTS (AND OTHER AS YET UNNAMED DEFENDANTS)
IN THE FURTHERANCE OF A  (Name of the specific Defendant who violated this right)
CONSPIRACY TO VIOLATE CIVIL RIGHTS

<u>Supporting Facts</u> (Briefly describe facts you consider important to Claim 2. State what happened briefly and clearly, in your own words. Do not cite legal authority or argument. Describe exactly what each defendant, by name, did to violate the right alleged in Claim 2.):

CAUSE OF ACTION N° II - FAILURE TO PRESERVE CONSTITUTIONAL RIGHTS

(74) THAT THE PLAINTIFF HEREBY ADOPTS AND INCORPORATES, AS THOUGH STATED HEREIN IN THEIR ENTIRETY, ALL AVERMENTS CONTAINED IN PARAGRAPHS 001 THROUGH 073, AND FURTHER ALLEGES THAT THE NAMED DEFENDANT(S) DID, IN THE FURTHERANCE OF A CONSPIRACY DIRECTED AT VIOLATING CONSTITUTIONAL RIGHTS RETAINED BY THE PLAINTIFF AND THOSE WITH WHOM HE WAS IN ASSOCIATION WITH;

(75) ADOPTED A POLICY, PRACTICE OR CUSTOM WHICH WAS DIRECTED AT THE PLAINTIFF SPECIFICALLY IN AN EFFORT TO PREVENT THE PLAINTIFF FROM ENGAGING IN HIS CHOSEN OCCUPATION AND PROFESSION AS A CRIMINAL DEFENSE PARALEGAL AND CRIMINAL RIGHTS ADVOCATE IN THE KENAI/SOLDOTNA AREA.

(76) ADOPTED A POLICY, PRACTICE OR CUSTOM WHICH WAS DIRECTED AT THE PLAINTIFF SPECIFICALLY IN AN EFFORT TO PREVENT THE PLAINTIFF FROM ENGAGING IN HIS RIGHTS TO ACCESS THE STATE AND FEDERAL COURTS SO AS TO VINDICATE CONSTITUTIONAL RIGHTS HE HAD BEEN DEPRIVED OF IN THE PAST AND TO OTHERWISE ATTEMPT TO EXPOSE AND ONGOING AND PERVASIVE PATTERN OF UNLAWFUL AND UNCONSTITUTIONAL CONDUCT BY MEMBERS OF THE LAW ENFORCEMENT AND CORRECTIONS COMMUNITIES ON THE KENAI PENINSULA

(77) THAT THE AFOREMENTIED POLICES, PRACTICES, OR CUSTOMS ARE CO-EXISTIVE WITH A STANDING POLICY ADVANCED BY DEFENDANT LEADERS AND HIS STAFF WHICH DIRECT LAW ENFORCEMENT ON THE KENAI PENINSULA TO "... ARREST FIRST AND ASK QUESTIONS LATER..."

Prisoner § 1983 - 4
PS01, Nov. 2013

(78) UPON INFORMATION AND BELIEF, THE CO-EXISTING POLICIES AND PRACTICES ARE IMPLEMENTED BY LAW ENFORCEMENT AND CORRECTIONS OFFICIALS WHOM ARE INSTRUCTED TO, AS A MATTER OF COURSE, CONTACT NAMED DEFENDANT LEADERS (OR HIS DESIGNATED STAFF MEMBER) IN EACH AND EVERY INSTANCE WHERE THERE DOES NOT EXIST A CLEAR CUT PROBABLE CAUSE TO ARREST AN INDIVIDUAL WITH WHOM LAW ENFORCEMENT HAVE COME IN CONTACT WITH.

(79) THAT AS A MATTER OF FEDERAL LAW ABSOLUTE PROSECUTORIAL IMMUNITY DOES NOT EXTEND TO GIVING LEGAL ADVISE TO THE POLICE, BURNS v REED, 500 U.S 478, 494-96; 111 S.CT 1934 (1991)

(80) THAT AS A MATTER OF STATE LAW STATE PROSECUTORS HAVE NO STATUTORY AUTHORITY TO ACT AS A LEGAL ADVISOR TO NON-STATE ACTORS SUCH AS THE KENAI POLICE DEFENDANT(S) LEE, MILLER, AND SANDAHL — A.S 44.23.020 (POWER & DUTIES OF THE ATTORNEY GENERAL)

(81) UPON INFORMATION AND BELIEF, DEFENDANT SANDAHL, IN THE FURTHERANCE OF THIS CONSPIRATORIAL POLICY OF "...ARREST FIRST ASK QUESTIONS LATER..." HAS INSTRUCTED HIS OFFICERS WITHIN THE KENAI POLICE DEPARTMENT TO SEEK OUT THE ADVISE OF DEFENDANT LEADERS AND HIS STAFF (OF WHICH DEFENDANT BROWNING IS ONE) EVEN KNOWING THAT THIS PRACTICE WAS NOT AUTHORIZED BY LAW.

(82) UPON INFORMATION AND BELIEF, DEFENDANT LEADERS AND HIS STAFF ATTORNEYS LIKE DEFENDANT BROWNING HAVE SWORN TO ABIDE IN THEIR STATUTORY DUTY TO SERVE AND DEFEND BOTH THE CONSTITUTION OF THE STATE OF ALASKA AND THE CONSTITUTION OF THE UNITED STATES, AS 44.23.020(a),

(83) UPON INFORMATION AND BELIEF, DEFENDANT SANDAHL AND HIS STAFF OF POLICE OFFICERS, INCLUDING DEFENDANT(S) LEE AND MILLER, HAVE A SWORN STATUTORY DUTY TO SERVE AND DEFEND BOTH THE CONSTITUTION OF THE STATE OF ALASKA AND THE CONSTITUTION OF THE UNITED STATES OF AMERICA.

(84) UPON INFORMATION AND BELIEF DEFENDANT LEADERS HAS AN INDEPENDENT STATUTORY DUTY ASSOCIATED WITH HIS PROFESSIONAL LICENSE AS AN ATTORNEY TO PROPERLY SUPERVISE THOSE WHO ACT AT HIS BEHEST IN HIS CAPACITY AS AN ATTORNEY, ARPC 5.1, 5.3

Prisoner § 1983 -0
PS01, Nov. 2013

- 4(a) -

(85) THAT THE CONDUCT ALLEGED (ABUSE OF PROCESS AND POLICE POWERS TO VIOLATE CONSTITUTIONAL RIGHTS) IS PART OF AN ONGOING AND PERVASIVE PATTERN OF UNCONSTITUTIONAL CONDUCT WITH RESPECTS TO BOTH McLAUGHLIN SPECIFICALLY, AND OTHERS WITHIN THE COMMUNITY WHOM FALL INTO DISFAVOR WITH LOCAL PROSECUTORS OR LAW ENFORCEMENT OFFICIALS AS WELL, APPEARS IN THE FOLLOWING SET(S) OF FACTS OCCURRING IN THE LAST YEAR ALONE:

(85) (A) THAT ON JANUARY 22, 2015 TROOPER RYAN TENNIS CONDUCTED A TRAFFIC STOP ON A VEHICLE IN WHICH McLAUGHLIN WAS A PASSENGER. IN THE "INVESTIGATION" THAT FOLLOWED A SMALL AMOUNT OF HEROIN AND A SMALL AMOUNT OF MARIJUANA WERE FOUND IN THE VEHICLE. TROOPERS AT THE SCENE RELEASED THE DRIVER UPON HIS SELF-SERVING DENIAL AN ARRESTED McLAUGHLIN, CHARGING HIM WITH WHAT MUSHROOMED INTO AN ELEVEN COUNT INDICTMENT, STATE v McLAUGHLIN 3KN-15-147 Cr. (EXHIBIT D-2)

NO DRUGS OR EVIDENCE OF DRUG USE WERE FOUND ON McLAUGHLIN, AND BECAUSE THE STATE HAD ABSOLUTELY NO EVIDENCE TO SUPPORT THEIR CASE, IT WAS DISMISSED ON APRIL 9, 2015 AT DEFENDANT BROWNINGS REQUEST. AS A SIDE NOTE, THE DRIVER WAS ALSO LATER ARRESTED AND CHARGED BUT BECAUSE THE STATE HAD SET UP A SECONDARY SUSPECT DEFENSE FOR HIM BY ERRONEOUSLY ARRESTING McLAUGHLIN FIRST, THOSE CHARGES HAD TO BE DISMISSED AS WELL.

(85) (B) THAT ON OR ABOUT MARCH 26, 2015 TROOPER JASON WOODRUFF, WHOM IT IS BELIEVED WAS USING GPS TECHNOLOGY ASSOCIATED WITH THE PLAINTIFF'S CELL PHONE USE, CONDUCTED AN INVESTIGATORY DETENTION OF TWO VEHICLES IN A LOCAL CONVENIENCE STORE PARKING LOT IN STERLING, ALASKA.

IN ONE VEHICLE THERE WAS A YOUNG LADY PASSED OUT AT THE WHEEL. IN THE OTHER, THE PLAINTIFF AND A FRIEND WHO WERE SIMPLY HAVING A CAUSAL CONVERSATION. WOODRUFF IGNORED THE OBVIOUSLY INCAPACITATED DRIVER, WHO AT THE TIME WAS THE SUBJECT OF BAIL CONDITION FOR A PREVIOUS DRUG ARREST, AND IMMEDIATELY FOCUSED HIS ATTENTION ON THE VEHICLE WHERE McLAUGHLIN WAS A PASSENGER.

WOODRUFF BEGAN TO CONDUCT A WARRANTLESS SEARCH OF THAT VEHICLE, OVER THE OWNERS OBJECTION, ALMOST IMMEDIATE, THE OWNER WAS FOUND TO BE IN POSSESSION OF A SMALL AMOUNT OF METHAMPHETAMINE WHICH RESULTED IN HIS ARREST. McLAUGHLIN WAS ALSO SEARCHED BUT NO DRUGS WERE FOUND ON HIS PERSON.

Prisoner § 1983 - 3
PS01, Nov. 2013

- 4(b) -

"B" CONT., — WOODRUFF THEN TURNED HIS ATTENTION TO THE INCAPACITATED DRIVER WHO PERMITTED A SEARCH OF HER VEHICLE IN ACCORDANCE WITH HER CONDITIONAL RELEASE ON BAIL. THE SEARCH TURNED UP A DRUG KIT AND A FEW PRESCRIPTION MEDICATIONS. ONCE AGAIN, AND EVEN THOUGH McLAUGHLIN WAS NOT EVEN IN THE VEHICLE THESE DRUGS WERE FOUND IN, THE PLAINTIFF WAS ARRESTED WHEN THE INCAPACITATED WOMEN ATTRIBUTED THERE PRESENCE TO McLAUGHLIN. THE OBVIOUSLY IMPAIRED WOMEN WAS THEN SIMPLY PERMITTED TO DRIVE AWAY. (EXHIBIT D-2)

THIS CASE APPEARS AS STATE V McLAUGHLIN 3KN-18-630 CR., AND WAS DISMISSED WHEN IN PREPARATION FOR TRIAL THE STATE SUBPOENA THIS WOMEN WHO PROMPTLY ASSERTED HER RIGHTS OF PRIVILEGE AS AFFORDED BY THE FIFTH AMENDMENT, (EXHIBIT K) UPON INFORMATION AND BELIEF THE PROSECUTOR IN THE CASE AMANDA BROWNING KNEW THAT THIS WOMEN WAS THE GUILTY PARTY ALL ALONG AND THATS WHY SHE USED TROOPER WOODRUFF'S HEARSAY TESTIMONY TO OBTAIN THE INDICTMENT IN THAT CASE, (SEE EXHIBIT L / COMMENT TO JAMES HOWARD)

(B5) (C) THE NEXT BOGUS ARREST OCCURRED ON OR ABOUT MAY 15, 2015 FOR FORGERY AND VIOLATING HIS CONDITIONS OF RELEASE. THE FACTUAL BASIS AND CASE OUTCOME ARE MORE FULLY SET FORTH ABOVE. IT IS NOTEWORTHY THAT UP TO THIS POINT McLAUGHLIN HAD SPENT ALMOST THE ENTIRE YEAR IN CUSTODY. (EXHIBIT D-2) THUS HE WAS UNABLE TO WORK OR WORK ON GETTING HIS BUSINESS UP AND RUNNING AGAIN AFTER BEING RELEASE FROM PROBATION ARY SUPERVISION ON MAY 7, 2015. THE SAME DATE, INCIDENTLY THAT DEFENDANT BROWNING DECIDED RESURRECT THE PREVIOUSLY DISMISSED 3KN-15-630 CR CASE DISCRIBED IN "B" ABOVE, A CLEAR CUT CASE OF VINDICTIVE PROSECUTION.

(B5) (D) THE NEXT ARREST OCCURRED WHEN TROOPERS TENNIS AND WOODRUFF, IN A NAKED ATTEMPT TO SEARCH McLAUGHLIN'S NEW HOME AND BUSINESS, APPEARED AT THE PROPERTY AT AROUND 12:30 PM FOR WHAT THEY PURPORTED TO BE A "NOISE COMPLAINT" THAT HAD BEEN MADE AT 4:30 AM THE PREVIOUS DAY. WHEN THIS RUSE DIDN'T WORK TENNIS ACCUSED McLAUGHLIN OF TRESPASSING AND IN THE EVENTS WHICH

Prisoner § 1983 - 3
PS01, Nov. 2013

— 4(c) —

D. CONT, - FOLLOW TROOPERS, SOLDOTNA POLICE, KENAI POLICE, THE UNITED STATES MARSHAL SERVICE, KENAI ADULT PROBATION, AND THE STATEWIDE DRUG TASK FORCE WERE SUMMONED IN FORCE (AT LEAST 100 OFFICERS AND AN ARMORED ASSAULT VEHICLE) TO EVACUATE THE ENTIRE NEIGHBORHOOD AND ENGAGE IN A FOUR HOUR STAND-OFF WITH ONE OF THE PLAINTIFF'S GUESTS (WHO APPARENTLY HAD AN ARREST WARRANT) THAT ENDED WHEN THE HOUSE GUEST PEACABLY EXITED THE HOME.

THE TERRIFIED ARRESTEE AND ANOTHER 68 YEAR OLD PROBATIONER WAS THE ONLY EVIDENCE OF CRIME FOUND AT MCLAUGHLIN'S HOME THAT DAY AND HE WAS ARRESTED FOR TRESPASSING IN HIS OWN HOME AND A VIOLATION OF HIS RELEASE CONDITIONS, STATE V MCLAUGHLIN 3KN-15-1066 CR, ALL CHARGES AGAINST ALL DEFENDANTS WERE LATER DISMISSED AT THE REQUEST OF DEFENDANT AMANDA BROWNING, WHOM UPON INFORMATION AND BELIEF, WAS THE DISTRICT ATTORNEY WHO HAD TOLD TROOPERS TO ARREST MCLAUGHLIN FOR THOSE BOGUS CHARGES ON THE DAY OF THE RAID TO BEGIN WITH,

(86) THAT UPON INFORMATION AND BELIEF, THIS ONGOING PATTERN OF UNCONSTITUTIONAL CONDUCT IS DIRECTED AT ATTEMPTING TO SILENCE MCLAUGHLIN'S EFFORTS TO ASSIST STATE PRISONERS IN THE VINDICATION OF THEIR RIGHTS AS BOTH PRISONERS AND THOSE STANDING ACCUSED,

(87) THAT UPON INFORMATION AND BELIEF THIS ONGOING PATTERN OF UNCONSTITUTIONAL CONDUCT IS DIRECTED AT RETALIATING AGAINST THE PLAINTIFF FOR, AMONG OTHER FEATS, HAVE TWO PROSECUTORS REMOVED FROM THE KENAI DISTRICT ATTORNEY'S OFFICE IN 2008-2009

(88) THAT UPON INFORMATION AND BELIEF THIS ONGOING PATTERN OF MISCONDUCT IS JUST ONE EXAMPLE OF THE EXTREME ABUSES OF POWER THAT HAVE TAKEN PLACE ON THE KENAI PENINSULA SINCE MCLAUGHLIN'S ARRIVAL IN 2000.

(89) THAT THE PLAINTIFF HAS A RIGHT UNDER PROVISION OF THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION TO FREE ACCESS TO, AND NOT BE RETALIATED AGAINST FOR, ACCESSING THE COURTS TO PURSUE IS LAWFUL CLAIMS AND INTERESTS ; USCA I: CHRISTOPHER V HARBURY 536 U.S 403, 415; 112, S.CT 2179 (2002) : BLANK V BETHEL SCHOOL DIST, 608 F3d 590, 543 (9TH CIR 2010) (ELEMENTS OF A RETALIATION CLAIM)

Prisoner § 1983 - 3
PS01, Nov. 2013

-4(d) -

(90) THAT THE PLAINTIFF HAS A RIGHT TO ENGAGE IN AN OCCUPATION OR CHOOSEN PROFESSION WHICH IS PROTECTED BY THE XIV AMENDMENT TO THE UNITED STATES CONSTITUTION, BOARD OF REGENTS v ROTH 408 U.S 564, 572; 92 S.CT 2701 (1972) WEDGES & LEDGES OF CALIF, INC v CITY OF PHOENIX, 24 F.3d 56, 64 n.4 (9TH CIR 1994) (COLLECTION OF CASES)

(91) THAT THE PLAINTIFF HAS A RIGHT OF FREE SPEECH AND EXPRESSION WHICH IS PROTECTED BY THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION, HUSTLER MAGAZINE v FALWELL, 485 U.S 46, 53-55; 108 S.CT 876 (1988) (THE FIRST AMENDMENT AFFORDS HEIGHTEN PROTECTION TO SPEECH IN THE AREA OF PUBLIC DEBATE ABOUT PUBLIC FIGURES).

(92) THAT THE PLAINTIFF HAS A RIGHT TO REMAIN AT LIBERTY ABSENT A CRIMINAL CONVICTION WHICH IS PROTECTED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION, BAKER v McCOLLAN, 443 U.S 137, 144-45 (1985)

(93) THAT THE PLAINTIFF HAS A RIGHT TO BE FREE FROM ARREST WITHOUT PROBABLY CAUSE WHICH IS PROTECTED BY THE FOURTH AMENDMENT TO THE UNITED STATES CONSTITUTION, BORUNDA v RICHMOND, 885 F.2d 1384, 1391 (9TH CIR 1988)

(94) THAT THE DEFENDANT(S) UNLAWFUL CONDUCT WAS NEITHER PRIVILEGED NOR JUSTIFIED, AND WAS IN FACT DONE WITH MALICE AND HAS PROVEN TO BE CRIMINAL, CONSPIRATORIAL, AND INTENTIONALLY TORTIOUS IN NATURE.

(95) THAT UPON INFORMATION AND BELIEF, THE DEFENDANT(S) WERE AWARE OF, AND IN FACT INTENDED, THE LIKELIHOOD THAT THIS CONDUCT WOULD CAUSE SERIOUS HARM, FINANCIAL HARDSHIP, AND PERSONAL INJURY TO NOT ONLY THE PLAINTIFF BUT ALSO THOSE WITH WHOM HE WAS IN ASSOCIATION WITH AS WELL.

(96) THAT DESPITE THE FACT THAT THE DEFENDANT(S) WERE AWARE OF A LIKELIHOOD THAT THIS CONDUCT WOULD CAUSE SUCH HARMS TO BE VISITED UPON THE PLAINTIFF AND UPON THOSE WITH WHOM HE WAS IN ASSOCIATION WITH, AND IN FACT INTENDED SUCH A RESULT, THE DEFENDANT(S) CONTINUED IN THIS COURSE OF CONDUCT WITH A RECKLESS DISREGARD TO THE HARMS IT WOULD CAUSE McLAUGHLIN OR THOSE WITH WHOM HE WAS IN ASSOCIATION

(97) THAT THE DEFENDANT(S) UNLAWFUL CONDUCT ALSO RESULTED IN AN ADDITIONAL HARM TO BE VISITED UPON McLAUGHLIN, PERSONAL INJURY IN THE FORM OF EMOTIONAL DISTRESS FOR A PROTRACTED PERIOD, WHICH NOW GIVES RISE TO A CLAIM FOR NON-ECONOMIC DAMAGES UNDER THE PROVISIONS OF AS 09.17.020.

(98) THAT THE DEFENDANT(S) UNLAWFUL CONDUCT WAS OUTRAGEOUS AND INTENTIONALLY DONE WITH MALICE AND A RECKLESS DISREGARD FOR THE EFFECT THIS CONDUCT WOULD HAVE UPON McLAUGHLIN'S PERSONAL WELL BEING AND FINANCIAL INTERESTS, AND/OR THE INTERESTS OF OTHERS WITH WHOM HE WAS IN ASSOCIATION WITH WHICH NOW GIVES RISE TO A CLAIM FOR PUNITIVE DAMAGES IN ACCORDANCE WITH THE PROVISIONS OF A.S 09.17.020.

(99) THAT AS A RESULT OF THE CONDUCT ALLEGED ABOVE THE PLAINTIFF ESTIMATES THAT HE HAS LOST AT LEAST $200,000.00 IN REVENUE FROM LOST BUSINESS FROM HIS PARALEGAL FIRM ALONE.

(100) THAT AS A RESULT OF THE CONDUCT ALLEGED ABOVE THE PLAINTIFF ESTIMATES THAT HE HAS LOST AN ADDITIONAL $800,000.00 IN REVENUE OR VALUE OF BUSINESS OPPORTUNITY RELATED TO HIS ACTIVITIES AS A PRISONER RIGHTS ADVOCATE.

(101) THAT YOUR PLAINTIFF RESERVES THE RIGHT TO AMEND THE ABOVE STATED ALLEGATIONS TO ADD FACT OR NAME ADDITIONAL DEFENDANTS AFTER DISCOVERY HAS COMMENCED AND ADDITIONAL, PREVIOUSLY CONCEALED FACTS, COME TO LIGHT

Prisoner § 1983 - 3
PS01, Nov. 2013

-4(f)-

Claim 3: On or about _____ — RESERVED FOR LATER USE — ___, my civil right to
(Date)

_____

(Medical care, access to the courts, due process, freedom of religion, free speech, freedom of association, freedom
from cruel and unusual punishment, etc.  List **only one** violation.)

was violated by _____
(Name of the specific Defendant who violated this right)

Supporting Facts (Briefly describe facts you consider important to Claim 3.   State what
happened briefly and clearly, in your own words.   Do not cite legal authority or argument.
Describe exactly what each defendant, by name, did to violate the right alleged in Claim 3.):

PLAINTIFF RESERVES THE RIGHT TO BRING ADDITIONAL CLAIMS AND/OR
NAME ADDITIONAL DEFENDANT'S AFTER DISCOVERY HAS COMMENCED!
Michael J. Milligan 2/26/16

Prisoner § 1983 - 5
PS01, Nov. 2013

### D. Previous Lawsuits

1. Have you begun other lawsuits in **state or federal court** dealing with the **same facts** involved in this action, **or otherwise relating to your imprisonment**? _____ Yes __X__ No

2. If your answer is "Yes," describe each lawsuit.

a. Lawsuit 1:

Plaintiff(s): ____N/A_____

Defendant(s): _____

Name and location of court: _____

Docket number: _____ Name of judge: _____

Approximate date case was filed: _____ Date of final decision: _____

Disposition: _____ Dismissed _____ Appealed _____ Still pending

Issues Raised: _____

b. Lawsuit 2:

Plaintiff(s): ____N/A_____

Defendant(s): _____

Name and location of court: _____

Docket number: _____ Name of judge: _____

Approximate date case was filed: _____ Date of final decision: _____

Disposition: _____ Dismissed _____ Appealed _____ Still pending

Issues Raised: _____

3. Have you filed an action in federal court that was dismissed because it was determined to be frivolous, malicious, or failed to state a claim upon which relief could be granted?

_____ Yes __Ⓧ__ No

If your answer is "Yes," describe each lawsuit on the next page.

**Lawsuit #1 dismissed as frivolous, malicious, or failed to state a claim:**

a. Defendant(s): __N/A_____

b. Name of federal court _____ Case number: _____

c. The case was dismissed as: ___ frivolous, ___ malicious and/or ___ failed to state a claim

d. Issue(s) raised: _____

e. Approximate date case was filed:_____ Date of final decision: _____

**Lawsuit #2 dismissed as frivolous, malicious, or failed to state a claim:**

a. Defendant(s): __N/A_____

b. Name of federal court _____ Case number: _____

c. The case was dismissed as: ___ frivolous, ___ malicious and/or ___ failed to state a claim

d. Issue(s) raised:_____

e. Approximate date case was filed:_____ Date of final decision: _____

**Lawsuit #3 dismissed as frivolous, malicious, or failed to state a claim:**

a. Defendant(s): __N/A_____

b. Name of federal court _____ Case number: _____

c. The case was dismissed as: ___ frivolous, ___ malicious and/or ___ failed to state a claim

d. Issue(s) raised:_____

e. Approximate date case was filed:_____ Date of final decision: _____

**4. Are you in imminent danger of serious physical injury?** _____ Yes ⊗ No

If your answer is "Yes," please describe how you are in danger, without legal argument/authority: __N/A_____

_____

_____

_____

Prisoner § 1983 - 7
Rev. 2013

**F. Request for Relief**

Plaintiff requests that this Court grant the following relief:

1. Damages in the amount of ● IN EXCESS OF $100,000⁰⁰ DOLLARS IN AN AMOUNT TO BE DETERMINED BY A JURY AT TRIAL.
2. Punitive damages in the amount of $ AS PERMITTED BY STATUTE TO BE DETERMINED BY A JURY AT TRIAL.
3. An order requiring defendant(s) to CEASE AND DESIST IN ALL ACTIVITIES THAT VIOLATE PLAINTIFF'S RIGHTS, AND NOT COME WITHIN 500 FEET OF THE DEFENDANT OR HIS RESIDENCE EVER AGAIN.
4. A declaration that THE CURRENT POLICIES AND PRACTICES FOR DETERMINE WHEN A PERSON SHOULD BE ARREST IS UNCONSTITUTIONAL AND VIOLATES FEDERAL LAW.
5. Other: ANY OTHER RELIEF DEEMED JUST, FAIR, OR EQUITABLE BY THIS COURT.

Plaintiff demands a trial by jury. ⊗ Yes _____ No

# DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that s/he is the plaintiff in the above action, that s/he has read the above civil rights complaint and that the information contained in the complaint is true and correct.

Executed at KENAI, ALASKA _____ on 2/26/16 _____
                         (Location)                                    (Date)

_____
(Plaintiff's Signature)
MICHAEL L. MCLAUGHLIN, PRO PER

_____                2/26/16 .
Original Signature of Attorney (if any)                (Date)

% WILDWOOD PRETRIAL FACILITY
5 CHUGACH AVE., BLDG. #5
KENAI, ALASKA    99611-7098
Attorney's Address and Telephone Number

PS01, Nov. 2013