FILED IN THE
STATE OF ALASKA THIRD DISTRICT
AT KENAI ALASKA

MAY 20 2015

Clerk of the Trial Courts
By_____ Deputy

Michael L. McLaughlin, pro per
c/o Wildwood Pretrial Facility
5 Chugach Ave., Bldg. # 5
Kenai, Alaska    99611-7098

IN THE DISTRICT COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT KENAI ALASKA

STATE OF ALASKA,                )
                                )
        Plaintiff;               )
                                )
    vs                          )
                                )
MICHAEL L. McLAUGHLIN           )
                                )
        Defendant.              )
                                )
_____)   Case No. # 3KN-15-688 Cr.,

### NOTICE OF THE EXISTENCE OF EXCULPATORY EVIDENCE AND THE DEFENDANT'S RIGHT TO TESTIFY AT THE GRAND JURY PROCEEDINGS

**COMES NOW** the defendant, Michael L. McLaughlin, appearing In Properia Persona and by authority of Criminal Rule 42(a), to hereby submit a formal notice concerning the existence of exculpatory evidence and to assert his rights so as to seek to testify before the grand jury as they are afforded by state law. Defense's notice comes as timely and subsequent to felony first appearance which occurred on or about May 15, 2015.

McLaughlin first comes seeking to trigger the state's duty to present evidence which is of an exculpatory nature as this duty was first recognized and espoused by the Alaska Supreme Court in Frink v State, 597 P.2d 154, 165 (Ak 1979).

In this regard Mclaughlin would first notice this court concerning a comment made by Officer Charles Lee of the Kenai Police in the probable cause statement which forms the basis of the complaint. [Comp., pp 2] In this brief narrative the officer states of the items seized at the local jail that it appeared "...similar to four other counterfeit notes passed at local businesses in Kenai and Soldotna since February 2015..." [Comp., pp 2]

To negate this offerring McLaughlin would point out that he was incarcerated

"Exhibit C-1"

at the Wildwood Pretrial Facility during much of this period which commenced on or about January 22, 2015 and encompassed all of February, most of March and April, and extended into May. Accordingly, Mclaughlin could not have possibly engaged in the conduct alleged. More importantly, Mclaughlin has a right to have these facts presented to the grand jury in accordance with Criminal Rule 6(q) becuase it is of such a nature as to clearly "...negate guilt..," Doisher v State, 632 P.2d 242, 250 (App 1981)(Criminal Rule 6(q) requires the prosecutor to tell the grand jury about evidence it knows will tend to negate guilt).

Also, Mclaughlin would assert his right to have the grand jury notified of his wish to testify before that grand jury concerning, not only the fact of his recent incarcerations, but also concerning his conversations with the Kenai Police wherein they indicated to him that he was only being charged because he refused to assist them with their investigation. That because McLaughlin would not volunteer any of the information concerning how he came to possess the purportedly forged instrument, he was going to be charged with the crimes alleged even though they could never be proven.

Evidence concerning an improper motive, as opposed to and in lieu of, actual evidence to support law enforcements charging decisions is also arguably evidence which would tend to negate guilt thus is exculpatory in nature. This would then trigger McLaughlin's right to have the grand jury notified of his wish to testify as that right was first espoused by out high court in Cameron v State, 171 P.3d 1154, 1159 (Ak 2007)(Criminal Rule 6(q) creates a right for the accused to have the grand be notified of a defendant's wish to testify). McLaughlin would expect that the grand jury will be notified of this request as required by Alaska law.

Finally, the defense would remind both this court and the prosecution of the state's duty to instruct the grand jury on the applicable law during presentment so that the grand jury can make a fully informed decisions, Criminal Rule 6(i), AS

"Exhibit C-2"

12.40.070, <u>Coleman v State</u>, 553 P.2d 40, 47 (Ak 1976)(A prosecutor is also a legal advisor for the grand jury).

In this instance, this duty would include the duty to inform the grand jury that "...an instrument or document is forged only if it is altered, completed or otherwise created so as to falsely appear or purport to be an authentic creation of some one other than the true maker..," <u>Gottlieb v State</u>, 175 P.3d 664, 669 (App 2008)(construing statutory definitions of a forged instrument). That the item in question would have to display convincing characteristic in order for it to be considered a true forgery under Alaska' Statutory scheme. This fact is significant where the essential elements of the crime itself are; (1) the making of some form of instrument or writing, (2) a fraudulent intent, and (3) the existence of an instrument capable of effecting fraud, <u>Morrison v State</u>, 469 P.2d 125, 129 (1970).

A reasonable assessment of the item in question here would clearly lead any reasonable person of average intelligence to conclude it does not, and if some poor souls were in fact duped into believing that the item in question had in fact been authored by the United States Department of Treasurey during a period of time that McLaughlin was incarcerated, law enforcement should (in stead of simply seeking out a scapegoat) find and apprehend the culprit to answer to the more appropriate charge of theft by deception. It is upon this premise and in accordance with the above stated principles of law, that McLaughlin wouldnow seek to proceed.

SUBMITTED this the 17TH of May, 2015.

*Michael L. McLaughlin*
In Properia Persona
Defendant

I CERTIFY that a true and correct copy of this pleading and all its attachments was served by mail to Kenai District Attorney - Landers on this the 17TH of May, 2015

*Michael L. McLaughlin, pro per*

Exhibit C-3